08 CIV 5998

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
LORRAINE EBRON,

                Plaintiff,

   - against -

NATIONAL RAILROAD PASSENGER CORPORATION,

                Defendant.
------------------------------------------------------------------X

**NOTICE FOR REMOVAL**

      Defendants National Railroad Passenger Corporation ("Amtrak"), through its attorneys, Landman Corsi Ballaine & Ford P.C., respectfully states upon information and belief:

      1.     On June 23, 2008, defendant Amtrak received the Summons and Verified Complaint in this action which is currently pending in the Supreme Court of the State of New York, New York County. A copy of the Summons and Complaint is annexed hereto as Exhibit A. The Summons and Complaint constitute all of the prior pleadings and/or orders served upon defendants to date.

      2.     According to the Complaint, on April 5, 2008, plaintiff Lorraine Ebron, allegedly was unlawfully and falsely placed under arrest, while within the waiting area for ticketed passengers of the New Jersey Transit and Amtrak located within Pennsylvania Station, Borough of Manhattan, City and State of New York.

      3.     Defendant is removing this action because defendant Amtrak was created by an Act of Congress, 49 U.S.C. § 24101, et seq., and more than one-half its capital stock is owned by the United States. Thus, the above-described action is a civil action of which this Court has original jurisdiction under the provisions of Title 28, U.S.C. § 1331 and 1349 and is one which

464404.1 DocsNY

may be removed to this Court by the defendant therein, pursuant to the provisions of Title 28, U.S.C. § 1441.

WHEREFORE, defendant prays that the action now pending against it in the Supreme Court of the State of New York in and for the County of New York be removed therefrom to this Court.

Dated:   New York, New York
         June 27, 2008

                                          Respectfully submitted,

                                          LANDMAN CORSI BALLAINE & FORD P.C.

                            By:           _____
                                          Ronald E. Joseph (RJ9302)
                                          Attorneys for Defendant
                                          120 Broadway, 27th Floor
                                          New York, New York  10271-0079
                                          (212) 238-4800

To:     Milton Wittels, Esq.
        Irom, Wittels, Freund, Berne & Serra, P.C.
        Attorneys for Plaintiff
        349 East 149th Street
        Bronx, New York 10451
        (718) 665-0220

# Exhibit A



B 106—Summons with notice, blank court, personal or substituted service, 12 pt. type, 4-94

© 1993 JULIUS BLUMBERG, INC.
PUBLISHER, NYC 10013

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

LORRAINE EBRON,

Plaintiff(s)

against

NATIONAL RAILROAD PASSENGER CORPORATION,

Defendant(s)

Index No. 108401/08
Date purchased
June 17, 2008
Plaintiff(s) designate(s)
NEW YORK
County as the place of trial.

The basis of the venue is
Location of Accident &
Defendant's Principal Place of
Business

**Summons**
**with Notice**

Plaintiff(s) reside(s) at
459 Grove Street
Irvington, New Jersey 07111
County of ESSEX

To the above named Defendant(s)

**You are hereby summoned** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiff's Attorney(s) within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated, Bronx, New York
       June 6, 2008
Defendant's address:

WITTELS, FREUND, BERNE & SERRA, P.C.

MILTON WITTELS, ESQ.
Attorney(s) for Plaintiff

Office and Post Office Address
349 East 149th Street
Bronx, New York 10451
(718) 665-0220

Notice: The nature of this action is false arrest, false imprisonment, malicious prosecution, negligent hiring, training, supervision and pursuant to 42 United States Code Section 1983

The relief sought is money damages in a sum to be set by the jury upon the trial of the action herein on the 1st C/A, 2nd C/A, 3rd C/A, 4th C/A and 5 C/A

Upon your failure to appear, judgment will be taken against you by default for the sum of $         with interest from  April 5, 2008         and the costs of this action.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
----------------------------------------------------------------X

LORRAINE EBRON,

                Plaintiff,        Index No. 108401/08

   -against-                  **VERIFIED COMPLAINT**

NATIONAL RAILROAD PASSENGER
CORPORATION,

                Defendant.



----------------------------------------------------------------X

    Plaintiff, by her attorneys, IROM, WITTELS, FREUND, BERNE & SERRA, P.C., as and for her verified complaint, alleges and shows as follows:

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF OF PLAINTIFF, LORRAINE EBRON, FOR FALSE ARREST

    1.    That at all times hereinafter mentioned the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, was and still is a corporation created by a Legislative Act of the Congress of the United States of America.

    2.    That at all times hereinafter mentioned, the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, was and still is a corporation duly organized and existing according to law, engaged and engaging in the business of owning and operating a line and a system of railroads and railroad properties as a common carrier by railroad of goods and passengers for hire in interstate commerce and transportation in, through, and between various of the several states of the United States, and doing business and having an office and principal place of business in the State of New York.

1

3. That all times hereinafter mentioned, Police Officer Michael Meigh, Tax Reg. No. 583267, was a member of the **Police Department** of the defendant **NATIONAL RAILROAD PASSENGER CORPORATION.**

4. That all times hereinafter mentioned, Police Officer Michael Meigh, Tax Reg. No. 583267, was a member of the **Police Department** of the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, and as such, an agent, servant and/or employee of the defendant NATIONAL RAILROAD PASSENGER CORPORATION.

5. That all times hereinafter mentioned, Police Officer Michael Meigh, Tax Reg. No. 583267, was a member of the **Police Department** of the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, was acting during his course of employment with, for the business uses and purposes of, and within his scope of employment with the **Police Department** of defendant herein, NATIONAL RAILROAD PASSENGER CORPORATION.

6. That at all times hereinafter mentioned, **Debra Hoeler**, was an agent, servant and/or employee of defendant, NATIONAL RAILROAD PASSENGER CORPORATION.

7. That at all times hereinafter mentioned, **Debra Hoeler**, was employed by the defendant NATIONAL RAILROAD PASSENGER CORPORATION (upon information and belief) as the overnight station manager of "Pennsylvania Station", Borough of Manhattan, City and State of New York.

8. That at all times hereinafter mentioned, **Debra Hoeler**, was acting during her course of employment with, for the business uses and purposes of, and within her scope of employment with and for the defendant, NATIONAL RAILROAD PASSENGER

2

CORPORATION.

9. That on the 5th day of **April, 2008**, the plaintiff **LORRAINE EBRON**, while possessing a valid ticket for transportation on a railroad operated by New Jersey Transit and while within the waiting area for ticketed passengers of the New Jersey Transit and "AMTRAK" located within "Pennsylvania Station", Borough of Manhattan, City and State of New York, said plaintiff, **LORRAINE EBRON**, was unlawfully and falsely placed under arrest (and handcuffed by placing her hands behind her back) by the aforementioned Police Officer **Michael Meigh**.

10. That on the 5th day of **April, 2008**, the plaintiff **LORRAINE EBRON**, while possessing a valid ticket for transportation on a railroad operated by New Jersey Transit and while within the waiting area for ticketed passengers of the New Jersey Transit and "AMTRAK" located within "Pennsylvania Station", Borough of Manhattan, City and State of New York, said plaintiff, **LORRAINE EBRON**, was unlawfully and falsely placed under arrest (and handcuffed by placing her hands behind her back) at the behest of **Debra Hoeler**.

11. That on the 5th day of **April, 2008**, the plaintiff herein, as aforementioned, was unlawfully and falsely arrested and handcuffed by the aforementioned Police Officer **Michael Meigh**, for violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

12. That on the 5th day of **April, 2008**, the plaintiff herein, as aforementioned, was unlawfully and falsely arrested and handcuffed at the behest of **Debra Hoeler**, for violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

3

13. That following the aforementioned unlawful and false arrest and unlawful restraint (the aforementioned handcuffing) of the plaintiff, the plaintiff was unlawfully removed to a location (within the aforementioned "Pennsylvania Station") utilized by the defendant as a police precinct, where upon her arrival thereat she was placed in a cell and following the removal of the aforementioned handcuffs she was again unlawfully restrained by being handcuffed by one hand to a wall of the aforementioned cell which continued until she was subsequently removed from the aforementioned cell.

14. That on the 5th day of **April, 2008**, the aforementioned Police Officer **Michael Meigh**, falsely executed a written Summons wherein the said Police Officer **Michael Meigh**, maliciously commenced a criminal proceeding in the Criminal Court of the City of New York, held in and for the County of New York, and did falsely, maliciously, and without probable cause charge the plaintiff with a violation of Section 140.05 of the Penal Law of the State of New York (Trespass).

15. That on the 5th day of **April, 2008**, the aforementioned Debra Hoeler, caused to be falsely executed a written Summons and caused to be maliciously commenced a criminal proceeding in the Criminal Court of the City of New York, held in and for the County of New York, and caused the plaintiff to be falsely, maliciously, and without probable cause charged with a violation of Section 140.05 of the Penal Law of the State of New York (Trespass).

16. That following the aforementioned unlawful and false arrest of the plaintiff, **LORRAINE EBRON**, on the 5th day of **April, 2008**, said plaintiff, **LORRAINE EBRON**, was unlawfully imprisoned (incarcerated) on the 5th day of **April, 2008**, which unlawful

4

imprisonment (incarceration) continued until she was subsequently released on the 5th day of April, 2008.

17. That following the aforementioned unlawful and false arrest of the plaintiff, **LORRAINE EBRON** by Police Officer **Michael Meigh** on the 5th day of **April, 2008**, said plaintiff was continuously and unlawfully imprisoned (incarcerated) and deprived of her liberty and freedom until she was subsequently released on the 5th day of April, **2008**.

18. That following the aforementioned unlawful and false arrest of the plaintiff, **LORRAINE EBRON**, at the behest of **Debra Hoeler**, on the 5th day of **April, 2008**, said plaintiff was continuously and unlawfully imprisoned (incarcerated) and deprived of her liberty and freedom until she was subsequently released on the 5th day of April, **2008**.

19. Thereafter, and on the **14th** day of **May, 2008**, the aforementioned Criminal Summons, in which the plaintiff was charged with the violation of Penal Law, Section 140.05, was dismissed in Part APAR6 of the Criminal Court of the City of New York, held in and for the County of New York.

20. That as a result of the aforesaid unlawful and false arrest of the plaintiff by the aforementioned Police Officer **Michael Meigh**, an agent, servant and/or employee of the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, the plaintiff was subjected to indignity, humiliation, scorn, ridicule, shock and emotional distress, and was prevented from attending to her usual business and was injured in her good name and reputation in the community.

21. That as a result of the aforesaid unlawful and false arrest of the plaintiff at the behest of **Debra Hoeler**, an agent, servant and/or employee of the defendant, **NATIONAL**

5

RAILROAD PASSENGER CORPORATION, the plaintiff was subjected to indignity, humiliation, scorn, ridicule, shock and emotional distress, and was prevented from attending to her usual business and was injured in her good name and reputation in the community.

22. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A SECOND CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LORRAINE EBRON, FOR FALSE IMPRISONMENT

23. Plaintiff, **LORRAINE EBRON**, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21", inclusive of the first cause of action of the complaint, with the same force and effect as if same were more fully set forth herein.

24. That following the aforementioned unlawful and false arrest of the plaintiff on the 5th day of **April, 2008**, said plaintiff was thereafter continuously and unlawfully imprisoned (incarcerated) and deprived of her liberty and freedom (as a result of the aforementioned alleged offense) until she was subsequently released from imprisonment (incarceration) on the 5th day of **April, 2008**.

25. That as a result of the aforementioned unlawful and false imprisonment (incarceration), said plaintiff was deprived of her liberty and freedom (with regard to the aforementioned offense) until she was released from continuous imprisonment (incarceration) on the 5th day of **April, 2008**, by the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, its agents, servants and/or employees.

26. That as a result of the aforesaid false imprisonment (incarceration), the plaintiff herein was deprived of her liberty and freedom and was subjected to indignity, scorn, humiliation, ridicule, shock and emotional distress, was prevented from attending to her usual business and was injured in her good name and reputation in the community.

27. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A THIRD CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LORRAINE EBRON, FOR MALICIOUS PROSECUTION

28. Plaintiff, **LORRAINE EBRON**, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21" inclusive of the first cause of action and paragraphs "24" through "26" inclusive of the second cause of action of the complaint, with the same force and effect as if same were more fully set forth herein.

29. That on the 5th day of **April, 2008**, the plaintiff herein, **LORRAINE EBRON**, as aforementioned was unlawfully and falsely placed under arrest by the aforementioned Police Officer **Michael Meigh**, for the aforementioned violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

30. That on the 5th day of **April, 2008**, the plaintiff herein, **LORRAINE EBRON**, as aforementioned was unlawfully and falsely placed under arrest at the behest of **Debra Hoeler** for the aforementioned violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

31. That following the aforementioned unlawful and false arrest of the plaintiff on

7

the 5th day of April, 2008, said plaintiff, **LORRAINE EBRON**, was thereafter continuously and unlawfully imprisoned (incarcerated) and deprived of her liberty and freedom until she was subsequently released on the 5th day of **April, 2008**.

32. That following the aforementioned unlawful and false arrest of the plaintiff, the aforementioned Police Officer **Michael Meigh**, on the 5th day of April 2008, falsely executed a written Summons (numbered "428312883-1") wherein the said Police Officer **Michael Meigh**, maliciously, falsely and without probable cause initiated a criminal proceeding in the Criminal Court of the City of New York, held in and for the County of New York of the City of New York, and charged the plaintiff with violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

33. That following the aforementioned unlawful and false arrest of the plaintiff, the aforementioned **Debra Hoeler**, on the 5th day of April 2008, caused to be falsely executed a written Summons (numbered "428312883-1") wherein the said **DEBRA HOELER**, had maliciously, falsely and without probable cause caused to be initiated a criminal proceeding in the Criminal Court of the City of New York, held in and for the County of New York of the City of New York, charging the plaintiff with violation of Section 140.05 of the Penal Law of the State of New York ("Trespass").

34. That the (initiating of) and commencement of the aforementioned criminal proceeding was begun in malice and without probable cause by the aforementioned Police Officer **Michael Meigh**, fully knowing that the aforementioned criminal proceeding was an unlawful arrest and could not succeed.

35. That the (initiating of) and commencement of the aforementioned criminal

8

proceeding was begun in malice and without probable cause at the behest of **Debra Hoeler**, fully knowing that the aforementioned criminal proceeding was an unlawful arrest and could not succeed.

36. That thereafter, and on the 14th day of **May, 2008**, the aforementioned Criminal Summons, in which the plaintiff was charged with the violation of Section 140.05 of the Penal Law of the State of New York ("Trespass") was dismissed in Part APAR6 of the Criminal Court of the City of New York, held in and for the County of New York.

37. That as a result of the aforementioned malicious prosecution of the plaintiff by the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, its agents, servants and/or employees, the plaintiff was subjected to indignity, humiliation, scorn, ridicule and emotional distress, prevented from attending to her usual business and was injured in her good name and reputation in the community.

38. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

**AS AND FOR A FOURTH CAUSE OF ACTION ON BEHALF OF PLAINTIFF, LORRAINE EBRON, FOR NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETAINING OF POLICE OFFICER MICHAEL MEIGH, AND DEBRA HOELER**

39. Plaintiff, **LORRAINE EBRON**, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21", inclusive of the first cause of action, paragraphs "24" through 26" inclusive of the second cause of action and paragraphs "29" through "37" inclusive of the third cause of action of the complaint, with the same force and effect as if same were more fully set forth herein.

40.   That the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, its agents, servants and/or employees was careless, reckless and negligent in the hiring of the aforementioned Police Officer **Michael Meigh**; was careless, reckless and negligent in the hiring of the aforementioned **Debra Hoeler**; was careless, reckless and negligent in the training of the aforementioned Police Officer **Michael Meigh**; was careless, reckless and negligent in the training of the aforementioned **Debra Hoeler**; was careless, reckless and negligent in the supervision of the aforementioned Police Officer **Michael Meigh**; was careless, reckless and negligent in the supervision of the aforementioned **Debra Hoeler**; was careless, reckless and negligent in its retaining of the aforementioned Police Officer **Michael Meigh**, as a Police Officer of the **NATIONAL RAILROAD PASSENGER CORPORATION**; was careless, reckless and negligent in its retaining of the aforementioned **Debra Hoeler** as an "overnight station manager" of its aforementioned "Pennsylvania Station".

41.   The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

### AS AND FOR A FIFTH CAUSE OF ACTION OF BEHALF OF PLAINTIFF, LORRAINE EBRON, PURSUANT TO 42 UNITED STATES CODE ANNOTATED SECTION 1983

42.   Plaintiff, **LORRAINE EBRON**, repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "21", inclusive of the first cause of action, paragraphs "24" through 26" inclusive of the second cause of action, paragraphs "29" through "37" inclusive of the third cause of action, and paragraph numbered "40" of the fourth cause of action with the same force and effect as if same were

more fully set forth herein.

43.  Plaintiff, **LORRAINE EBRON**, institutes this cause of action and invokes the jurisdiction of this Court to obtain the costs of suit, including reasonable attorneys fees and damages suffered by plaintiff, **LORRAINE EBRON**, and caused by defendant's violation of her rights as guaranteed by the 8th and 14th amendments to the Constitution of the United States, and by Federal Law, particularly, the Civil Rights Act, 42 United States Code Annotated Section 1983.

44.  The violation of the rights of the plaintiff, **LORRAINE EBRON**, as alleged herein, was committed within the State of New York.

45.  That at all of the times hereinafter mentioned, plaintiff, **LORRAINE EBRON**, is a citizen and resident of the State of New Jersey and of the United States of America.

46.  Defendant, **NATIONAL RAILROAD PASSENGER CORPORATION** through the acts and/or omissions of its agents, servants and/or employees, Police Officer **Michael Meigh**, Tax Registry No. 583267; and the aforementioned **Debra Hoeler**, deprived plaintiff, **LORRAINE EBRON**, of her rights guaranteed to her by the Constitution and Laws of the United States of America and of the State of New York, and used excessive and an unreasonable amount of force thereby depriving plaintiff **LORRAINE EBRON** of her constitutional right to bodily security and liberty, and thereby deprived plaintiff, **LORRAINE EBRON** of her rights, privileges and immunities as guaranteed by the 1st, 4th, 5th, 6th, 9th, 10th and 14th amendments to the Constitution of the United States of America and the Constitution of the State of New York, and of the Civil Rights Act 42 United States Code Annotated Section 1983.

47. The amount of damages sought in this cause of action exceeds the jurisdictional limits of all lower courts, which would otherwise have jurisdiction.

48. That these actions fall within exception(s) set forth in Rule 1602(5) of the Civil Practice Law and Rules.

WHEREFORE, plaintiff demands judgment against the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, on the first cause of action, in a sum to be set by a jury upon the trial of the action herein; plaintiff demands judgment against the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, on the second cause of action, in a sum to be set by a jury upon the trial of the action herein; plaintiff demands judgment against the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, on the third cause of action, in a sum to be set by a jury upon the trial of the action herein; plaintiff demands judgment against the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, on the fourth cause of action, in a sum to be set by a jury upon the trial of the action herein; plaintiff demands judgment against the defendant, **NATIONAL RAILROAD PASSENGER CORPORATION**, on the fifth cause of action, in a sum to be set by a jury upon the trial of the action herein; together with the costs and disbursements of this action.

IROM, WITTELS, FREUND, BERNE & SERRA, P.C.

By:
MILTON WITTELS, ESQ.
Attorneys for Plaintiff
Office and P.O. Address:
349 East 149th Street
Bronx, New York 10451
(718) 665-0220

# VERIFICATION

STATE OF NEW JERSEY )
                    ) ss:
COUNTY OF ESSEX     )

**LORRAINE EBRON**, being duly sworn, deposes and says:

That deponent is the plaintiff herein; deponent has read the foregoing **COMPLAINT** and knows the contents thereof; that the same is true to deponent's own knowledge, except as to the matters therein stated to be alleged upon information and belief, and that as to those matters, deponent believes it to be true.

Sworn to before me this          s/ _____
6th    day of June, 2008                **LORRAINE EBRON**

s/ _____
Janina Del Carmen Castelll
Notary Public of New Jersey
Commission Expires 11/9/2012

13