UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

LORRAINE EBRON,

                     Plaintiff,

    - against -

NATIONAL RAILROAD PASSENGER
CORPORATION,

                     Defendant.
-------------------------------------------------------------------X

**ANSWER TO VERIFIED COMPLAINT**

08 CV 5998

Defendant National Railroad Passenger Corporation, by its attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

## ANSWER TO THE FIRST CAUSE OF ACTION

1.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "First" of the Verified Complaint except admits that defendant National Railroad Passenger Corporation is a corporation created by a Legislative Act of the Congress of the United States of America.

2.    Defendant denies the truth of each and every allegation contained in paragraph "Second" of the Verified Complaint except admits that defendant National Railroad Passenger Corporation operates in, and between various of the several states of the United States, and does business and has an office in the State of New York.

3.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Third" of the Verified Complaint except admits that Police Officer Michael Meigh, was a member of the Police Department of the defendant National Railroad Passenger Corporation.

464396.1 DocsNY

4.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fourth" of the Verified Complaint and refers all matters of law to the Court.

5.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Fifth" of the Verified Complaint and refers all matters of law to the Court.

6.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Sixth" of the Verified Complaint except admits that Debra Hoeler, was an employee of defendant, National Railroad Passenger Corporation.

7.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Seventh" of the Verified Complaint.

8.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Eighth" of the Verified Complaint and refers all matters of law to the Court.

9.    Defendant denies the truth of each and every allegation contained in paragraph "Ninth" of the Verified Complaint.

10.    Defendant denies the truth of each and every allegation contained in paragraph "Tenth" of the Verified Complaint.

11.    Defendant denies the truth of each and every allegation contained in paragraph "Eleventh" of the Verified Complaint.

12.    Defendant denies the truth of each and every allegation contained in paragraph "Twelfth" of the Verified Complaint.

13.   Defendant denies the truth of each and every allegation contained in paragraph "Thirteenth" of the Verified Complaint.

14.   Defendant denies the truth of each and every allegation contained in paragraph "Fourteenth" of the Verified Complaint.

15.   Defendant denies the truth of each and every allegation contained in paragraph "Fifteenth" of the Verified Complaint.

16.   Defendant denies the truth of each and every allegation contained in paragraph "Sixteenth" of the Verified Complaint.

17.   Defendant denies the truth of each and every allegation contained in paragraph "Seventeenth" of the Verified Complaint.

18.   Defendant denies the truth of each and every allegation contained in paragraph "Eighteenth" of the Verified Complaint.

19.   Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Nineteenth" of the Verified Complaint and refers all matters of law to the Court.

20.   Defendant denies the truth of each and every allegation contained in paragraph "Twentieth" of the Verified Complaint.

21.   Defendant denies the truth of each and every allegation contained in paragraph "Twenty-First" of the Verified Complaint.

22. Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Second" of the Verified Complaint.

## ANSWER TO THE SECOND CAUSE OF ACTION

23.    With respect to the allegations contained in paragraph "Twenty-Third" of the Verified Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Twenty-Second" of this Answer with the same force and effect as if fully set forth at length herein.

24.    Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Fourth" of the Verified Complaint.

25.    Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Fifth" of the Verified Complaint.

26.    Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Sixth" of the Verified Complaint.

27.    Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Seventh" of the Verified Complaint.

## ANSWER TO THE THIRD CAUSE OF ACTION

28.    With respect to the allegations contained in paragraph "Twenty-Eighth" of the Verified Complaint, defendant repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Twenty-Seventh" of this Answer with the same force and effect as if fully set forth at length herein.

29.    Defendant denies the truth of each and every allegation contained in paragraph "Twenty-Ninth" of the Verified Complaint.

30.    Defendant denies the truth of each and every allegation contained in paragraph "Thirtieth" of the Verified Complaint.

31.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-First" of the Verified Complaint.

32.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Second" of the Verified Complaint.

33.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Third" of the Verified Complaint.

34.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Fourth" of the Verified Complaint.

35.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Fifth" of the Verified Complaint.

36.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Sixth" of the Verified Complaint.

37.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Seventh" of the Verified Complaint.

38.  Defendant denies the truth of each and every allegation contained in paragraph "Thirty-Eighth" of the Verified Complaint.

### ANSWER TO THE FOURTH CAUSE OF ACTION

39.  With respect to the allegations contained in paragraph "Thirty-Ninth" of the Verified Complaint, defendant  repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Thirty-Eighth" of this Answer with the same force and effect as if fully set forth at length herein.

40.    Defendant denies the truth of each and every allegation contained in paragraph "Fortieth" of the Verified Complaint.

41.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-First" of the Verified Complaint.

## ANSWER TO THE FIFTH CAUSE OF ACTION

42.    With respect to the allegations contained in paragraph "Forty-Second" of the Verified Complaint, defendant  repeats, reiterates and realleges each and every response contained in paragraphs "First" through "Forty-First" of this Answer with the same force and effect as if fully set forth at length herein.

43.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-Third" of the Verified Complaint.

44.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-Fourth" of the Verified Complaint.

45.    Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "Forty-Fifth" of the Verified Complaint.

46.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-Sixth" of the Verified Complaint.

47.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-Seventh" of the Verified Complaint.

48.    Defendant denies the truth of each and every allegation contained in paragraph "Forty-Eighth" of the Verified Complaint.

464396.1 DocsNY

## FIRST AFFIRMATIVE DEFENSE

49.    Any injuries suffered by plaintiff was caused solely by her own negligence and not by any negligence of defendant.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

50.  Any injuries suffered by plaintiff were caused, in part, by his own negligence, and any recovery by plaintiff must be diminished in proportion to that part of his injuries attributable to his own negligence.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

51.  Any injuries suffered by plaintiff were not caused by a negligent or wrongful act or omission of defendant or any individual acting under their direction or control.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

52.    If plaintiff has sustained any damages in this matter, which defendant denies, then defendant's liability, if any, shall be limited in accordance with Article 16 of the New York Civil Practice Law and Rules.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

53.    Plaintiff's Summons and Verified Complaint must be dismissed, in whole or in part, for failure to state a cause of action upon which relief may be granted.

464396.1 DocsNY

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

54.  Plaintiff's false arrest, false imprisonment, assault and battery claims must be dismissed because they are barred by the applicable Statute of Limitations.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

55.  Plaintiff's claims against the defendant are frivolous.

## AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE

56. Plaintiff's 42 U.S.C. §1983 claims fail to state a cause of action and are frivolous.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

57. Punitive damages may not be assessed against the defendant.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

58.   Any alleged statements by defendant with respect to plaintiff were truthful or otherwise privileged.

## AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE

59.  Defendant is entitled to qualified immunity.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

60.  Defendant is entitled to absolute immunity.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

61.  The Verified Complaint is barred, either in whole or in part, because any acts and/or conduct of the defendant was privileged and justified.

## AS AND FOR AN FOURTEENTH AFFIRMATIVE DEFENSE

62.  Plaintiff's action against defendant is barred since there was no practice or procedure by defendant that caused any of plaintiff's alleged injuries.

464396.1 DocsNY

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

63. The defendant sued in its official capacity had no notice of and no opportunity to respond to any alleged constitutional violations.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

64. The defendant sued in its official capacity had no personal involvement in any alleged constitutional violations.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

65. Due to controlling collective bargaining agreements, defendant lacked final decision making authority.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are barred on the ground that plaintiff's conduct violated New York State Criminal Laws.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

67. Any injuries suffered by plaintiff were due to plaintiff's assumption of the risk based upon her own culpable conduct.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

68. Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Verified Complaint.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

69. Plaintiff's Summons and Verified Complaint must be dismissed because her claims are barred by the provisions of the Tenth and Eleventh Amendments of the United States Constitution.

464396.1 DocsNY

## AS AND FOR A TWENTY-SECOND AFFIRMATIVE DEFENSE

70. The Verified Complaint fails to state a cognizable claim against defendant.

## AS AND FOR A TWENTY-THIRD AFFIRMATIVE DEFENSE

71. Any criminal proceeding against plaintiff commenced or participated in by defendant was based upon probable cause and was not due to malice.

## AS AND FOR A TWENTY-FOURTH AFFIRMATIVE DEFENSE

72. Any claim for punitive damages is barred by the United States Constitution, including, inter alia, the Due Process, Equal Protection and Excessive Fines Clauses of the Constitution.

## AS AND FOR A TWENTY-FIFTH AFFIRMATIVE DEFENSE

73. Any injuries suffered by the plaintiff were caused, in part, by her own culpable conduct, and this action by her is barred.

## AS AND FOR A TWENTY-SIXTH AFFIRMATIVE DEFENSE

74. At all times, defendant acted in good faith and without malice.

## AS AND FOR A TWENTY-SEVENTH AFFIRMATIVE DEFENSE

75. At all times, any detention of plaintiff was in a reasonable manner and for a reasonable period of time.

## AS AND FOR A TWENTY-EIGHTH AFFIRMATIVE DEFENSE

76. Defendant use of physical force, if any, was at all times necessary and reasonable.

## AS AND FOR A TWENTY-NINTH AFFIRMATIVE DEFENSE

77. At all times, defendant had probable cause to believe a crime had been committed in defendant's presence or that defendant was otherwise justified in searching and detaining plaintiff.

## AS AND FOR A THIRTIETH AFFIRMATIVE DEFENSE

78. At all times, an objective officer of reasonable competence would have had probable cause to believe a crime had been committed or that he was otherwise justified in searching and detaining plaintiff.

WHEREFORE, defendant NATIONAL RAILROAD PASSENGER CORPORATION demands judgment dismissing the Verified Complaint herein, together with the costs and disbursements of this action.

Dated:  New York, New York
       July 2, 2008

                    Respectfully submitted,

                    LANDMAN CORSI BALLAINE & FORD P.C.

By: _____
                    Ronald E. Joseph (RJ9302)
                    Attorneys for Defendant
                    NATIONAL RAILROAD PASSENGER
                    CORPORATION
                    120 Broadway, 27th Floor
                    New York, New York  10271-0079
                    (212) 238-4800

TO:    Milton Wittels, Esq.
       Irom, Wittels, Freund, Berne & Serra, P.C.
       Attorneys for Plaintiff
       349 East 149th Street
       Bronx, New York 10451
       (718) 665-0200

## AFFIDAVIT OF SERVICE BY MAIL

STATE OF NEW YORK  )
                                       }  ss.:
COUNTY OF NEW YORK  )


      **Jelena Brigida**, being duly sworn, deposes and says, that deponent is not a party to the action, is over 18 years of age and resides at BROOKLYN, NEW YORK.

      That on the 2nd day of July, 2008, deponent served the within **ANSWER TO VERIFIED COMPLAINT**
upon

> Milton Wittels, Esq.
> Irom, Wittels, Freund, Berne & Serra, P.C.
> Attorneys for Plaintiff
> 349 East 149th Street
> Bronx, New York 10451
> (718) 665-0200

attorneys in this s action, at the addresses designated by said attorneys for that purpose by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in an official depository under the exclusive care and custody of the United States post office department within the State of New York.

                                             _____
                                                Jelena Brigida

Sworn to before me this
2nd day of July, 2008

_____
    Notary

JASON BUSKIN
Notary Public, State of New York
No. 02BU6123327
Qualified in New York County
Commission Expires March 7, 2009