UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
**LORRAINE EBRON**,                                    **PLAINTIFF'S RESPONSE**
                                                       **TO MOTION IN LIMINE**

                              Plaintiff,         Docket 08 cv 5998 (JMR)

        -against-

**NATIONAL RAILROAD PASSENGER CORP.,**
**d/b/a AMTRAK**

                              Defendant.
------------------------------------------------------------------X

## PRELIMINARY STATEMENT

Plaintiff LORRAINE EBRON respectfully submits this memorandum of law in opposition to the motion in limine of defendant NATIONAL RAILROAD PASSENGER CORP. ("AMTRAK") to preclude plaintiff from introducing "any testimony or evidence" relating to the dismissed criminal action which defendant commenced by arresting and charging her with trespassing. Half of AMTRAK's argument seeks relief from a position which plaintiff neither has taken nor would take; the other half is mistaken.

## STATEMENT OF FACTS

In the early morning hours of April 5, 2008, AMTRAK Police Officer Michael Meigh arrested plaintiff without a warrant in the main passenger waiting area of Penn Station and charged her with trespassing. The events preceding the arrest are disputed, but the fact of the arrest and the absence of a warrant are not. Plaintiff testified that she had bought a New Jersey Transit ticket for travel to Newark from a machine in Penn Station upon her arrival there, shortly before her arrest. Deposition of Lorraine Ebron, Exhibit B to AMTRAK's papers, pp 52-53. A copy of the front of that ticket is attached hereto as Exhibit

A. Plaintiff's counsel showed the ticket to both Station Manager Deborah Hoeler and Officer Meigh at their depositions; both agreed that it appeared to be genuine. (Deposition of Deborah Hoeler, Exhibit C to AMTRAK's papers, pp 66-67; deposition of Michael Meigh, Exhibit D to AMTRAK's papers, pp 70-71. Ms. Hoeler further testified that numbers printed on the ticket indicated that it was sold on April 4, 2008 – in other words, before plaintiff's arrest. Id. Plaintiff testified that she showed the ticket before the arrest; Officer Meigh testified that she did not.

Officer Meigh released plaintiff with a summons returnable on May 14, 2008, charging her with trespassing in violation of N.Y. Penal Law 140.05. On that date, plaintiff appeared in the New York City Criminal Court, as directed. Defendant does not dispute that at that time the judge dismissed the case. AMTRAK claims (Motion in Limine, p 2) that "Ms. Ebron does not know the reason for the dismissal". That is remarkably inaccurate. When counsel for AMTRAK asked her that very question at her deposition, she responded "Because I was innocent". P 107, l 19. Ms. Ebron went on to describe how the public defender in the courtroom showed the judge her ticket, and the judge dismissed the case. Pp 108-109. It is beyond dispute – and indeed defendant makes no attempt to dispute - that the criminal case against her was dismissed based on her innocence of the charge.

Plaintiff wishes to offer the certificate of disposition at trial to prove the disposition, and the Court should permit her to do exactly that.

## ARGUMENT

### *Plaintiff Does Not Claim Collateral Estoppel.*

AMTRAK spends most of its argument (Motion in Limine, pp 4-6) stalking a strawman, by characterizing the offer of a simple certificate of disposition as "an improper attempt to use offensive collateral estoppel". Plaintiff makes no claim that defendant is estopped from arguing anything, and specifically not that the arrest at issue is justified. Plaintiff assumes defendant will argue exactly that, agrees that defendant is entitled to do so regardless of the dismissal, and the jury will decide the issue. Plaintiff, however, is entitled to prove the fact of the dismissal pursuant to the New York law governing claims of both false arrest and malicious prosecution.

### *False Arrest.*

The leading case in New York on both false arrest and malicious prosecution is the Court of Appeals decision in *State v. Broughton*, 37 N.Y.2d 451 (1975). *Broughton* explicitly addresses the relevance and admissibility of a dismissal of the criminal charge in an action for false arrest: "[e]vidence of a subsequent dismissal, acquittal or reversal on appeal <u>would be admissible</u> to rebut the affirmative defense of justification". 37 N.Y.2d at 458 (emphasis supplied).

AMTRAK pleaded justification as an affirmative defense – that Officer Meigh had reasonable cause to believe that plaintiff had committed a crime. That will clearly be their defense at trial, and it has the burden of proof on that issue, given that plaintiff was arrested without a warrant. Id. Plaintiff is thus entitled to offer proof of the dismissal.

3

***Malicious Prosecution.***

One of the elements of the tort of malicious prosecution in New York is "termination of the proceeding in favor of the accused". 37 N.Y.2d at 457. Though there is no requirement that a malicious prosecution plaintiff demonstrate that the termination of the criminal charge was based on her innocence, here plaintiff has done so. Indeed, even in cases where dismissals involved no resolution of the criminal defendant's guilt or innocence one way or the other, a dismissal constitutes a favorable termination of the proceeding and may be proved. See, e.g., *Smith-Hunter v. Harvey*, 95 N.Y.2d 191 (2000) (dismissal for speedy trial violation). As the Court of Appeals has held, a dismissal is considered a termination favorable to the accused for the purposes of malicious prosecution unless the circumstances of the dismissal are <u>inconsistent</u> with plaintiff's innocence. *Cantalino v. Danner*, 96 N.Y.2d 391 (2001). Defendant herein makes no such claim – nor can they do so. Accordingly, plaintiff may offer this Certificate of Disposition to prove this favorable termination.

***Hearsay.*** AMTRAK contends that both Ms. Ebron's testimony as to what occurred in the Criminal Court and the certificate of disposition from that Court are hearsay. Neither is. First of all, it is interesting to note the position AMTRAK took in the Pretrial Order (Exhibit E to the Motion in Limine). While AMTRAK did object to the certificate of disposition, one of its bases for that objection was that "plaintiff is capable of testifying to the outcome of the prosecution". Apparently AMTRAK has reconsidered.

In any event, neither the certificate of disposition nor Ms. Ebron's testimony is hearsay. According to FRE 801(c), hearsay is "a statement, other than one made by the

declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted". A statement, according to FRE 801(a), is "an oral or written assertion". A certificate of disposition, on the other hand, is not an "assertion" at all. Further, under New York law, as a certificate of a public officer, it is prima facie evidence of the facts it contains. NY CPLR 4520. Under FRE 902(1), as a domestic public document under seal, it is self-authenticating. It is not hearsay.

As for Ms. Ebron's testimony, none of it constitutes an out-of-court "assertion". She will testify to what she saw (the public defender showed the judge her ticket) and what happened as a result (the judge dismissed the case). Plaintiff does not intend to offer any of the statements by her attorney or the court. Those, not her observations, would be hearsay.

Dated:       April 26, 2010
             Bronx, New York

                         Respectfully submitted,

                         IROM, WITTELS, FREUND, BERNE & SERRA, P.C.

                         By: _____
                         Wesley M. Serra (WS0466)
                         Attorneys for Plaintiffs
                         OFFICE AND P. O. ADDRESS
                         349 East 149th Street
                         Bronx, New York 10451
                         (718) 665-0220

To:   Ronald E. Joseph, Esq.
      LANDMAN CORSI BALLAINE & FORD, P.C.
      120 Broadway, 27th Floor
      New York, NY 10271